FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 17 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

-------------------------------------------------------x
BARRY REESE,

                            Petitioner,                  MEMORANDUM & ORDER

-against-

                                                        11-CV-3813 (SLT)

THE UNITED STATES OF AMERICA,

                            Respondent.
-------------------------------------------------------x
TOWNES, United States District Judge.

On August 3, 2011, *pro se* petitioner Barry Reese, who is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey, filed an "Audita Querela Motion for Extraordinary Remedy" pursuant to the All Writs Act, 28 U.S.C. § 1651(a). For the reasons discussed below, the motion is denied.

## BACKGROUND

Petitioner was sentenced in this Court on January 26, 2001, following his guilty plea to two counts in his criminal indictment, conspiracy to distribute narcotics and murder. United States v. Castro, et al., No. 96 CR 373-04 (DGT) (E.D.N.Y.). At the sentencing hearing, petitioner's defense counsel requested the imposition of a twenty-year sentence, but the Government argued that the United States Sentencing Guidelines mandated a sentence within the guidelines range of 324-405 months. Petition at 3. Petitioner asserts that the Court cited a series of mitigating factors, and "announced on numerous occasions how, if permitted to do so, the Court would tailor the guidelines sentence to twenty years." Id.; see also 12, 14. Since not permitted to do so, the Court imposed a prison term of 324 months, at the bottom of the guidelines range. Id. at 3. The Court entered judgment and sentence on February 28, 2001.

1

Petitioner appealed to the United States Court of Appeals for the Second Circuit, which dismissed the appeal on July 16, 2003. United States v. Castro, et al. No. 01-1126, Slip op. (2d Cir. July 16, 2003). Thereafter, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 ("§ 2255"), which was denied by this Court on September 21, 2006. Reese v. United States, No. 04 CV 4338 (DGT), 2006 WL 2711610 (E.D.N.Y. Sept. 21, 2006). The Court of Appeals granted the petition for a certificate of appealability, but ultimately denied the appeal, Reese v. United States, 329 Fed. Appx. 324, 325, 2009 WL 1395475 (2d Cir. May 20, 2009), and a motion for a rehearing. The United States Supreme Court denied his petition for a writ of certiorari, Reese v. United States, 130 S. Ct. 1537 (Feb. 22, 2010), and his petition for a rehearing, 130 S. Ct. 3315 (May 17, 2010).

In the instant submission, petitioner argues that he is entitled to be resentenced on the basis of United States v. Booker, 543 U.S. 220 (2005), in which the Supreme Court held that the United States Sentencing Guidelines are advisory, not mandatory. Petitioner cites the sentencing Court's "frustration in being constrained by the guidelines" as evidence that "had the Booker application been available when Movant was sentenced to 324 months, the Movant, undisputably, would have been correctly sentenced to an advisory term of imprisonment of 20 years." Petition at 14 (emphasis in original).

Petitioner acknowledges that Booker has not been held to apply retroactively to cases on collateral review and that this precludes him from bringing another petition for habeas corpus pursuant to § 2255. Petition at 6-9. Petitioner now argues, without any legal justification, that the retroactivity analysis in Teague v. Lane, 489 U.S. 288 (1989), applies only to "collateral attacks of a habeas corpus nature." Petition at 9-10. Thus, he argues, under these "extraordinary

2

circumstances when other post-conviction remedies are unavailable," he should be allowed to challenge his sentence through a writ of audita querela. Petition at 8.

## DISCUSSION

The writ of audita querela, like the writ of error coram nobis, is a common-law writ that has largely been replaced in the federal criminal context by the statutorily constructed writ of habeas corpus available in 28 U.S.C. § 2255. It has limited continuing validity. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (citing United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991)). Thus, the writ may only be used to address a legal objection that arose after the conviction was entered. See Durrani v. United States, 294 F. Supp. 2d 204, 217 (D. Conn. 2003)(audita querela may be used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition") (quoting United States v. Reyes, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

Audita querela is not available where another post-conviction remedy is available. "[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). However, § 2255 would not be considered an "inadequate or ineffective" post-conviction remedy merely because it was procedurally unavailable. Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997). In particular, the statutory limits on second or successive habeas petitions do not create a "gap" in the post-conviction framework that could make audita querela relief necessary. Carrington v. United States, 503 F.3d 888, 890 (9th Cir.

2007); see also Pipola v. United States, No. 10-2535-PR, 2011 WL 2745794, at *1 (2d Cir. July 15, 2011) (a federal prisoner challenging the legality of his conviction must proceed pursuant to 28 U.S.C. § 2255, by seeking authorization for a successive petition if necessary); Evans v. Brown, No. 10-CV04607 (JS), 2011 WL 133039, at *2 (E.D.N.Y. Jan. 11, 2011)(audita querela is not available where claim could be brought under a successive § 2254 petiiton; petitioner must seek permission from the circuit court to authorize a successive petition); D'Amico v. United States, No. 94 Civ. 3825 (PKL), 2000 WL 686371, at *3-4 (S.D.N.Y. May 26, 2000) (petitioner not entitled to relief under the All Writs Act even if his claim would be barred by the successive petition rule applicable to § 2255); Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010) ("[T]he remedy under § 2255 is not inadequate or ineffective merely because the statute greatly restricts second or successive motions.").

In this case, petitioner has not shown any potential constitutional deficiency in § 2255 that might require the availability of a writ of audita querela. He argues that his original sentence, reluctantly imposed when the sentencing guidelines range was mandatory, is now erroneous in light of Booker's holding that the guidelines are merely advisory. He acknowledges that, as the Second Circuit explained, "Booker does not apply retroactively to cases on collateral review." Guzman v. United States, 404 F.3d 139, 140 (2d Cir. 2005). Petitioner subsequently argues that Booker's non-retroactivity makes the requested relief unavailable on habeas review, and thus, "[l]eft with no other avenue of relief in the instant matter, Movant resorts to the present Writ of Audita Querela." Petition at 7. However, a particular claim's lack of merit in a proposed habeas petition does not render habeas relief itself "unavailable" for purposes of audita querela. See United States v. Richter, No. 97 CR 1177 (DRH), 2006 WL 929372 at *2 (E.D.N.Y. April 10,

2006)(rejecting a similar claim, stating that "[t]he fact that Defendant's Booker claims would have been unsuccessful had Defendant pursued them via a habeas corpus petition does not render the relief sought 'unavailable' for purposes of audita querela").

Petitioner's suggestion that Booker's non-retroactivity applies only to "collateral attacks of a habeas corpus nature" has no merit. See Id. at *2 (The category of "collateral review" is not limited to habeas corpus petitions.) In fact, the Second Circuit has specifically considered whether Booker applies retroactively in the context of audita querela relief and found that it does not. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007); Mora v. United States, 358 Fed. Appx. 223, 2009 WL 4912174 (2d Cir. Dec. 21, 2009). Where there is no colorable claim of a constitutional violation, the absence of other avenues of collateral attack does not give rise to serious constitutional questions, and thus a writ of audita querela does not lie. Richter, 510 F.3d at 104.

## CONCLUSION

For the foregoing reasons, the petition for a writ of audita querela is denied. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
August 17, 2011

5